**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JESSE PEREZ, | ) | NO. ED CV 22-723-PA(E) |
| Plaintiff, | ) | |
| v. | ) | ORDER TO SHOW CAUSE |
| ROB BONTA, STATE ATTORNEY GENERAL, ET AL., | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner incarcerated in Kern Valley State Prison, filed this civil rights action pursuant to 42 U.S.C. section 1983 on April 27, 2022. Defendants appear to be residents of the Eastern District of California. Plaintiff complains of the fact and the conditions of his confinement in Kern Valley State Prison, which is located within the Eastern District of California.

Section 1391(b) of Title 28, United States Code, provides:

A civil action may be brought in --

///

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, it appears that Defendants reside in the Eastern District of California, and that the events or omissions giving rise to Plaintiff's current purported claims[1] allegedly occurred within the Eastern District of California.

Section 1406(a) of Title 28, United States Code, provides:

> The district court of a district in which is filed a
> case laying venue in the wrong division or district

---

[1] The Complaint includes wide ranging background allegations dating back to the 1990's.  However, the gravamen of Plaintiff's current purported claims concerns his present incarceration in Kern Valley State Prison and Plaintiff's desire to be transferred out of that prison and "back to the Juvenile Justice Division of the CDCR."

2

```
            shall dismiss, or if it be in the interest of justice,
            transfer such case to any district or division in which
            it could have been brought.
```

This Court has the power to decide the venue issue on its own motion and to dismiss or transfer the action before a responsive pleading is filed.  See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

Within thirty (30) days of the date of this Order, the parties shall show cause in writing, if there be any, why this action should not be transferred to the United States District Court for the Eastern District of California on the ground that venue is improper in the Central District of California.  Failure timely to respond to this Order to Show Cause may result in the transfer of the action.

DATED: May 2, 2022.

                                            /S/
                                     CHARLES F. EICK
                              UNITED STATES MAGISTRATE JUDGE